COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Jose Fransisco Mendoza-Navarro v. The State of Texas

Appellate case number:    01-18-00706-CR

Trial court case number:  1542074

Trial court:                        176th District Court of Harris County

In September 2019, appointed counsel David L. Garza filed a motion to withdraw and the accompanying brief required by *Anders v. California*, 386 U.S. 738 (1967). The State filed a waiver of response on November 26, 2019. After receiving a request to access the record, the Court issued an order directing the trial court clerk to provide appellant with access to the record. Purporting to act as appellant's retained counsel, Peyton Z. Peeples III, tendered on January 24, 2020, "Appellant's Response to *Anders* Brief." Because two attorneys had made appearances claiming to represent appellant, this Court issued an order requiring Peeples either to file a motion to substitute or to present the Court with authority permitting a retained attorney to file a response to an *Anders* brief. Peeples filed a motion to substitute on February 3, 2020; however, the motion states that Peeples wishes to be substituted only to respond to the *Anders* brief.

The provision for filing an *Anders* response is to permit the indigent appellant to point out "any reason why he thinks there are non-frivolous issues to be raised on his behalf, notwithstanding his appointed counsel's evaluation of the record." *Kelly v. State*, 436 S.W.3d 313, 315 (Tex. Crim. App. 2014). The *Anders* procedure does not contemplate retained counsel filing the response to appointed counsel's brief. Accordingly, this Court issued an order abating the appeal and remanding to the trial court to determine whether to grant Garza's motion to withdraw and appoint new counsel on appeal, or permit retained counsel Peeples to be substituted as appellant's counsel. If Peeples were permitted to act as appellant's counsel, he would represent appellant not only in response to an *Anders* brief because, if Garza withdrew, the *Anders* brief he filed would no longer be considered.

A supplemental clerk's record was filed on March 5, 2020, indicated that the trial court granted Garza's motion to withdraw, and permitted Peeples to serve as retained substitute counsel on appeal.

Accordingly, the appeal is **reinstated** on the active docket. David L. Garza's motion to withdraw has been **granted** and the *Anders* brief filed by Garza is **stricken**. Peyton Z. Peeples III

will serve as retained counsel on appeal. Appellant's brief is **due to be filed within 30 days from the date of this order**.

It is so ORDERED.


Judge's signature: ____/s/ Peter Kelly_____
               ☑ Acting individually   ☐ Acting for the Court


Date: __April 9, 2020___